STRAUBER ET AL. v. WALLER.

(No. 2785.)

INJUNCTION.

SUFFICIENCY OF PETITION.

LOST PAPERS.— Where the appellants depend upon their original petition for injunction, which had been lost or mislaid, to show the error of the court below in dissolving the injunction, it was their duty to supply the deficiency of the record by the legal mode for substituting lost records and papers.

APPEAL from Erath county. Opinion by WALKER, P. J.

STATEMENT.— This appears to have been an injunction suit brought by the appellants against W. G. Waller, as sheriff. There are no pleadings of the plaintiffs in the record; the clerk of the district court certifies that the original petition for injunction has been lost or mislaid, and cannot be found after diligent search amongst the papers where it should be kept. There is nothing in the record to indicate its contents, or to show what were the grounds upon which the plaintiffs sought relief. The defendants excepted to the sufficiency of the petition, and moved to dissolve the injunction.

OPINION.— The exception, however, is not signed, either by the defendant or by counsel, nor do the matters contained in it throw any intelligible light upon the grounds stated in the plaintiffs' petition. It does not appear when the suit was filed; it is to be inferred, from the defendants'

exceptions, that the plaintiffs were probably seeking to enjoin the enforcement of a judgment of a justice of the peace on a forfeited appearance bond, given for the appearance of a person for whom the plaintiffs were sureties, who was charged with an aggravated assault and battery, and that possibly the plaintiffs may, in their petition, have questioned the jurisdiction of the justice of the peace over the subject-matter, concerning which he had acted in taking the bond, or in rendering judgment on its forfeiture. If aid could be given to the appellants by referring to the defendants' exceptions, as is suggested by the brief of appellants' counsel, to supply the contents of the petition, we would be unable to ascertain from them either the matter of objection urged to the jurisdiction, or under which of the various statutes which had previously regulated the jurisdiction of the justice's court the questions involved had arisen.

The assignment of errors is not signed by the appellant, nor by any counsel for him. If, however, we might deem such a paper an assignment of errors, filed " by the plaintiff in error," we could only say, in response to the complaint which it makes against the action of the court in dissolving the injunction, that the record fails to make the supposed error apparent, for want of the necessary information afforded by it as to what were the merits of the petition for injunction, or any of the grounds on which the appellant insists that he was entitled to maintain his suit.

It was the duty of the appellant to supply the deficiency of the record.

Whilst this would have been, apparently, impracticable, in the ordinary method, by application for a *certiorari*, yet the law provides a mode for substituting lost records and papers; and if he has not seen proper to avail himself of its benefits, and the transcript here is submitted to us for decision as it stands, he must content himself with the necessary consequences of his inaction.

AFFIRMED.